

## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER OF ABATEMENT

Appellate case name:     Javier Galindo Pacheco v. The State of Texas

Appellate case number:   01-14-00156-CR

Trial court case number:   1341972

Trial court:             262nd Judicial District Court of Harris County

On February 26, 2015, this Court granted the appellant's *pro se* motion requesting access to a copy of the appellate records, ordered the trial clerk to provide a copy of the record to appellant, and granted appellant a 45-day extension of time to file his *pro se* response to his appointed counsel's *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *Kelly v. State*, 436 S.W.3d 313, 315, 318–20 (Tex. Crim. App. 2014). On March 2 and April 7, 2015, the appellant filed two handwritten letters, but only in Spanish. On April 14, 2015, the trial clerk filed a certification in this Court confirming that a copy of the appellate records had been delivered to appellant on March 30, 2015.

The Texas Court of Criminal Appeals has held that while ". . . the court of appeals is not required to review the merits of each claim raised in an *Anders* brief or a *pro se* response," the appellate court's "duty is to determine whether there are any arguable grounds and if there are, to remand to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). However, the Texas Court of Criminal Appeals more recently has held that a court of appeals erred in granting an appointed counsel's motion to withdraw in an *Anders* case "without first satisfying the appellant's express request to gain access to the appellate record in order to *meaningfully* respond to the *Anders* brief." *Kelly*, 436 S.W.3d at 322 (emphasis added). Here, although this Court is not required to review the merits of appellant's *pro se* letters, we are unable to fulfill our duty to determine whether any arguable grounds are raised in his *pro se* responses because they are in Spanish, and we first have to request certified translations to be filed in this Court to determine whether these are appellant's *pro se Anders* responses and then if any arguable grounds are raised.

Though directed at the trial courts, Article 38.30 of the Criminal Code provides that "[w]hen a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for the person charged or the witness."  TEX. CODE CRIM. PROC. ANN. § art. 38.30(a) (West Supp. 2014); *see also Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009) (noting that, if a defendant cannot speak English well enough to understand the trial proceedings, "fundamental fairness and due process of law require that an interpreter be provided to translate between English and the accused's own language.").  Based on the reporter's records for the plea and pre-sentencing investigation hearings, a certified Spanish-English interpreter was appointed to interpret for the appellant during these trial proceedings because he did not speak English.

Accordingly, we sua sponte **abate and remand** the cause to the trial court for the appointment of a certified Spanish-English translator for the limited purpose of translating into English appellant's two *pro se Anders* responses, filed in this Court on March 2 and April 7, 2015, which are attached to this order, and to file the translator's affidavit or unsworn declaration certifying the translator's qualifications and that the translations are accurate.  *See* TEX. R. EVID. 1009(a) (West Supp. 2014).  The trial court clerk is directed to file a supplemental clerk's record containing the order of appointment and the certified translations and translator's affidavit/unsworn declaration with the Clerk of this Court **within 30 days of the date of this order**, which will become part of the appellate record.  *See* TEX. R. APP. P. 34.5(c)(3).

This appeal is abated, treated as a closed case, and removed from this Court's active docket.  This appeal will be reinstated on this Court's active docket when a supplemental clerk's record that complies with this order is filed with the Clerk of this Court.  Although the State filed a waiver of its right to file an appellee's brief in response to appointed counsel's *Anders* brief, the State's appellee's brief in response to appellant's two *pro se Anders* responses, if any, will be due **within 30 days** after this appeal is reinstated.  *See* TEX. R. APP. P. 2, 38.6(b).

It is so ORDERED.

Judge's signature: /s/ <u>Laura C. Higley</u>
                      ☒ Acting individually    ☐ Acting for the Court

Date:  May 5, 2015

Sres. delacorte de apelaciones. ~~christopher a. prine~~ Su
Segundo coreo y estoy muy agradecido, conlos documentos queme-
estan mandando. Pero comoyales dige anteriormente y selos buel-
bo, a recordar haora. yono leo, ni hablo, ni entiendo, nada de ingles.
Lounico que yolespido es queconsedan la apelación. dejenme de-
sirles que al iniciodelas cortes, no recuerdosienla 1er.0.2da corte que
tube conel abogado, el medijo quele abia dicho la fiscal, que tenia yo
3. opciones, quellegara yo aun areglo con ellas, 0 medeportaban, 0 me
yebaban a juicio, y como yo conosco misituacion, leconteste queme
yebaran ajuisia oquemedeportaran porque yo notenia que yegar a ningun
areglo con ellos, Sellego el tiempo enquemeiban ayebar ajuicio y el
abogado medijo sigoieres ir ajuicio es porque eres inocente berdad
le conteste por supuesto quesi abogado, meyebaron aon presjuicio para-
preparar el juicio y como las personas del jorado que estaban ahi les-
pidieron pruebas y ebidencias para Josgarme, cancelaron el juicio
anteriormente me abian dicho que tenian videos y fotos ynose quetan-
tos cosas, sieso es sierto porque no meyeban ajuicio y presentan esas
pruebas, despoes del presjuicio alotro diame bolbio ablar el abogado
fuecuando medijoque teniayo 2 delitos uno agrabado y el menor foe
Coando medijo quemeiciera yo responsable del delito menor y llolecontesfe
que porque del menor si con el agrabado mepodian dar 40 años a vida.
y el medijo porque site aces responsable deese delito menor la Juez
teba aber inocente y tebas air contiempo servido yacasitienes unaño
agui yanadamas escoestión de esperar 3.0.4 meses mas paraque teballas
asmecaso. yose loquetedigo, y medijo ademas notienes que firmar
nada, nadamas bas aponer tus iniciales agui.
Por fabor Sres. delacorte yolespido que consideren todolo antes dicho
y hagan untrabajo limpio y onesto en micaso. Sepanse ustedes.

——→

que tengo una familia en Mexico que esta esperando de mi ayuda asi es que Como le dije al Sr. Salinas cuando me dijo que tenia yo 3 opciones yegar a un arreglo, me deportaban, o me yebaban a Juicio Lo mismo les digo haora, a ustedes, y se los pido de la manera mas atenta. Consedanme esa apelación para ir a un Juicio o deportenme por fabor Señores, mi familia me esta esperando y me nesecita.

Por el momento Sin mas que desir yo me despido de ustedes

Que la gracia de nuestro señor Jesucristo, el amor de Dios, y la fuerza del espiritu Santo para hacer Siempre el vien, este, con todos ustedes.

Muy respetuosamente. Javier Pacheco Galindo

Javier Pacheco Galindo

#1909939

Allred unit

2101 FM 369 north

Iowa Park, TX 76367-5638

NORTH TEXAS TX P&DC
DALLAS TX 750
28 FEB 2015 PM 4 L

Court of appeals

First district of Texas

301 Fannin Street

Houston, texas 77002-2066

Legal Mail 7002206693

Legal Mail

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION

nadamas por conveniencia de algunas personas denomirarse.
mal, delante de sus superiores, estas personas unicamente piensan
en aomentar sus ingresos economicos. Sin inportarles el sofrimiento delas
familias afectadas, y yo me pregunto estas personas iran ala iglecia. y si
ban, entienden la palabra de Dios, al rrebez porque la palabra de Dios dise que
Dios no tienta a nadie aser el mal, y estas personas es lo que acen en so trabajo
trabajan para el diablo. Son colaboradores de Satanas.
Sres. dela corte de apelaciones. Con todo el rrespeto que merecen
Les pido y les soplico dela manera mas atenta. me consedan ala brevedal
posible. cualgoiera delas 2 peticiones ya mencionadas.
Sin mas por el momento se despide de ustedes muy rrespetuosa-
mente. Javier Pacheco Galindo.

Que en este mes Santo la gracia de Nuestro Señor Jesucristo
y el Amor de Dios padre este con cada uno de ustedes y
con sus familias,- Amen.

FILED IN
1ST COURT OF APPEALS
HOUSTON, TEXAS

APR - 7 2015

CHRISTOPHER A. PRINE
CLERK

Sres. dela corte de apelaciones.

ya rresibi los docomentos que me acaban de mandar y estoy muy
agradecido con ustedes. nose si me sirban o me poedan serbir para algo
esos papeles. y que como selos e mencionado antes. no leo, ni hablo, ni
entiendo ingles. loque si se es que por una socia y bil mentira del abogado
que Supoestamente me iba a defender haora estoy condenado a 18 años
por algo que no ize. haora lo poedo ver claramente que esa mentira la usarón.
para poder enserrarme. estoy seguro que esto lo planearon todos ellos. le dije-
ron. al abogado. tu eres so abogado te ba acreer loque le digas. dile que se
aga colpable del delito menor. para que en unos 4 meses pueda salir con tiem-
po. servido, y que no tiene que firmar. nada unicamente poner sos inisiales.
donde usted le indique. y que eso no es una firma. an deber dicho como quiera.
el no sabe ingles. cualquier cosa que usted le diga el ba acreer, que asi es
y que eso le conbiene hacer. haora lo poedo ber claramente. que asi fue plane
ado, todo estas personas no tienen ni tantito temor de Dios. porque si lo-
tubieran, no trabajarian asi. unicamente trabajan para so puro interes econo-
mico y personal. Sin inportarles el sofrimiento del afectado y dela familia
del afectado. pero yo se que ustedes Si tienen el entendimiento de Dios.
y que estan haciendo so respetable trabajo conforme ala misericordia y el
entendimiento. que nuestro Dios padre pone en sos corazones. porque el lo dice.
muy claro en su ley que es su palabra Divina. cuando el extranjero viva entre
ustedes no lo oprimas, no haras injusticia en el juicio, ni faboreciendo al pobre.
ni complaciendo al grande, con josticia josgaras a tu prosimo.
Sres. dela corte de apelaciones. lo onico que yo les pido es on juicio josto
y Si estas personas estan segoras delo que estan aciendo. no beo porque melo-
abrian denegar. O si me quieren deportar deportenme es mejor estar en
mexico pobre pero con mi familia que estar enserrado injustamente ⟶

Javier Pacheco. G.
#1909939
alred unit
2101 fm 369 north
Iowa Park, TX 76361-5638

legal Mail

FIRST COURT OF APPEALS
HOUSTON, TEXAS

APR 7 2015

CHRISTOPHER A. PRINE
CLERK

first court of appeals
301 fannin street
Houston, Texas 77002-2066

Legal Mail

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL
INSTITUTIONS DIVISION